IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH MARCUS KNIGHT,        )
                              )
    Petitioner,                )
                              )
v.                            )   CIVIL ACTION NO.: CV206-295
                              )
JOHN T. TERWILLIGER, Warden,  )
                              )
    Respondent.                )

## ORDER

Petitioner, an inmate at the Emanuel Probation Detention Center in Twin City, Georgia, has filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. Petitioner is confined as a result of a conviction obtained in the Superior Court of Glynn County, Georgia. Petitioner has paid the $5.00 filing fee.

IT IS HEREBY ORDERED that Respondent make answer in writing to the allegations of the petition by filing same with the clerk of this court within sixty (60) days after service of this Order. The answer must comply with Rule 5, 28 U.S.C. § 2254. Specifically, the answer shall include the following:

(1) trial transcript of Petitioner's state court conviction;

(2) transcript of Petitioner's state *habeas corpus* hearings;

(3) copy of the decision of the state *habeas corpus* courts; and,

(4) if the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

All of the submitted transcripts shall be certified. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondent shall move for the

AO 72A
(Rev. 8/82)

petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

Petitioner and Respondent shall submit to the court their respective briefs of law within the aforementioned sixty (60) day period. The briefs of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254 (1977). Unless and until Petitioner demonstrates to this Court that the state *habeas* court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state *habeas* court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of Petitioner's *habeas* petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

After the filing of the answer and the motion to dismiss, the court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order upon the Petitioner. Additionally, a copy of the petition and a copy of this Order shall be served upon the Respondent by certified mail, return receipt requested. The Clerk is further directed to serve a copy of the petition and a copy of this Order upon Mary Beth Westmoreland, Deputy Attorney General of the State of Georgia by first class mail.

SO ORDERED, this 19th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)