IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 APR 23 A 10: 58

KENNETH MARCUS KNIGHT, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.: CV206-295
)
JOHN T. TERWILLIGER, Warden, )
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Marcus Knight ("Knight"), an inmate currently incarcerated at the Emanuel County Probation Detention Center in Twin City, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Glynn County. Respondent filed an Answer-Response and a Motion to Dismiss. Knight has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Knight pleaded guilty to possession of marijuana, possession of cocaine, driving under the influence, and being a habitual violator. (Resp't's Ex. 1, Plea Pet. & Rights Waiver Form.) Knight was sentenced to concurrent five year sentences on probation for the cocaine charges, with the first years to be served on intensive probation, and twelve months' concurrent probation on the marijuana charge. (Resp't's Br., p. 1.) As part of his probation sentence, Knight was to serve 20 to 24 months in a probation detention center, and he was accepted in the Glynn County drug court's treatment program.

Knight was terminated from the drug treatment program on October 5, 2004, after he stipulated to violating the terms and conditions of the drug court contract. Knight's attorney filed a motion to modify his sentence in which he requested that he not serve any more time in the probation detention center and be permitted to reenter the drug court program. On April 5, 2005, the trial court modified Knight's sentence and allowed him to be released from the probation detention center and to reenter the drug court program. Knight was again terminated from the drug court program on March 29, 2006, because he violated the terms of his contract. The trial court judge reinstated the provision that Knight was to serve 20 to 24 months in a probation detention center; this provision was amended on April 4, 2006, to reduce this period by 26 days. (Resp't's Br., p. 4.)

In the instant petition, Knight asserts the punishment he received was excessive and harsh. Knight alleges he was sentenced to the drug court program and was incarcerated for over a year due to "a few violations" of the drug court program. (Pet., p. 6.) Knight also alleges he was terminated from the drug court program after his last violation. Respondent asserts that Knight's petition should be dismissed because he has failed to exhaust his available state remedies. Respondent also asserts that Knight's petition should be dismissed because it was filed untimely.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Georgia, "[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(c).

The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847, 119 S. Ct. 1728, 1730, 1732, 144 L. Ed. 2d 1 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845, 119 S. Ct. at 1732. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004).

Knight contends he did not file a direct appeal from the judgment of his conviction; however, Knight also contends he filed a motion in the Glynn County
AO 72A
(Rev. 8/82)
3

Superior Court for a sentence reduction and a "hardship release" motion. (Pet., p. 3.) Knight alleges he did not file an appeal because "[t]here was no response or action taken" regarding the motion he filed in the Glynn County Superior Court even though he filed the motion over 60 days prior to filing the instant cause of action. (Pet., p. 4.) This is not a valid reason to excuse Knight's failure to file an appeal of his conviction or a petition for writ of habeas corpus in the State court system. Knight had sufficient time in which to file an appeal or a petition for writ of habeas corpus with the appropriate State court, as he is permitted to do under Georgia law. See O.C.G.A. § 9-14-1(c). It is only after the Georgia courts have been able to address Knight's claims that Knight can file a petition in this court pursuant to section 2254. Knight has not exhausted his state remedies.

It is unnecessary to address the alternative ground for dismissal set forth by Respondent.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Knight's petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, due to Knight's failure to exhaust his state remedies.

**SO REPORTED** and **RECOMMENDED** this 23 day of April, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE